UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SCOTT ALAN LUKOWSKI,

    Plaintiff,

v.

U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, et al.,

    Defendants.

Case No. 18-cv-06298-RS

**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

## I. INTRODUCTION

Plaintiff Scott Lukowski brings suit against U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust[1] ("U.S. Bank") setting out five purported claims for relief relating to a deed of trust U.S. Bank was assigned from the original lender and a resulting foreclosure. The Complaint was dismissed for failure to state a claim with leave to amend. Lukowski subsequently filed the First Amended Complaint ("FAC"). Once again, U.S. Bank moves to dismiss, contending that Lukowski's amended factual allegations in the FAC are insufficient to state claims for relief. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument. For the reasons explained below, U.S. Bank's motion is granted.[2]

---

[1] Defendant asserts that Plaintiff incorrectly sued the Bank and the Trust as separate defendants.

[2] The facts of this case are set forth in this Court's prior order granting U.S. Bank's first motion to dismiss and need not be repeated here.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.* at 679.

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Id.* at 1242 (internal quotation marks and citation omitted). When evaluating such a motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017). "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (internal quotation marks and citation omitted).

## IV. DISCUSSION

The FAC makes almost no changes to the Complaint other than to add a handful of conclusory allegations regarding what Lukowski believed constituted the "correct" amount owed on the debt and the late charges and interest rate percentages he was charged. Since the FAC makes virtually the same allegations, it adds nothing to alter the prior order's analysis or conclusions. For this reason alone, dismissal is warranted.

One of the Complaint's key deficiencies was Lukowski's failure to allege how much the purportedly exorbitant fees were or why they were improper, unreasonable, or otherwise illegal. The FAC's few new averments assert the "correct" amount owed, the "incorrect" amount U.S. Bank demanded, and that the loan was subject to a 6.5% interest rate with late charges of 5%. The FAC, however, again fails to allege facts demonstrating *why* the amount U.S. Bank insisted on was improper, or why the interest rate or late charges were unreasonable. Additionally, the FAC once more offers nothing regarding the fact that Lukowski's loan expressly allowed U.S. Bank to add default related fees to the loan balance. Finally, the FAC includes only additional conclusory allegations contending Lukowski was excused from making an unconditional offer of tender because he disputed the validity of the underlying debt. Lukowski merely repackages his prior averments that U.S. Bank was charging him more than what was owed, and by doing so repeats his prior failure to explain why the amount U.S. Bank demanded was illegal. As with the Complaint, there is nothing to infer any impropriety on U.S. Bank's part from the FAC. Lukowski's claim equitably to set aside foreclosure again fails.

Lukowski's only new averment with regard to his breach of contract claim is the conclusory statement that U.S. Bank claimed amounts owed that were grossly inaccurate and that the bank added illegal charges. Lukowski otherwise offers no new arguments with regard to this claim that were not already considered in the prior order dismissing the Complaint. As the FAC does not allege any new facts that would alter the prior analysis, Lukowski's breach of contract claim again fails.

Finally, Lukowski offers no new arguments with regard to his quiet title claim that were not already considered in the prior order dismissing the Complaint. Indeed, Lukowski failed to take even the simple step of verifying the FAC and including a description of the property. Similarly, Lukowski offers no new arguments with regard to both his breach of the implied covenant of good faith and fair dealing and promissory estoppel claims that were not already considered in the prior order dismissing the Complaint. As the FAC does not allege any new facts that would alter the prior analysis, Lukowski's claims to quiet title, implied covenant, and

promissory estoppel claims again fail.

## V.  CONCLUSION

Given the limited attempt to amend the Complaint, further efforts to amend the FAC would be futile.  Therefore, U.S. Bank's motion to dismiss is granted in its entirety without leave to amend.

**IT IS SO ORDERED**.

Dated: April 22, 2019

RICHARD SEEBORG
United States District Judge